IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |  |
|---|---|---|
| **JIMMIE LEE DENNISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | 6:20-cv-01986-LSC |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF OPINION

On December 11, 2020, Jimmie Lee Dennison ("Dennison" or "Plaintiff") filed a complaint against the Acting Commissioner of the Social Security Administration and a motion for leave to proceed in forma pauperis. (Docs. 1, 2.) Upon an answer from the defendant, this Court issued a briefing letter. (Doc. 9.) This letter was sent to both parties and stated "[t]he plaintiff *must* file and serve on the Commissioner a brief for the requested relief within 30 days after the answer is filed." (*Id.*) (emphasis added). The plaintiff never filed a brief, and this Court received the Government's brief on September 5, 2023. (Doc. 10.) On October 27, 2023, this Court ordered the Plaintiff to file his brief within fourteen (14) days from the date of the order because "[i]t has been nearly three months since the Plaintiff's

1

brief was due, and this Court has not received one." (Doc. 11.) The Court went further and warned Dennison that "this Court is prepared to dismiss this case for failure to prosecute." (*Id*.) The order was mailed to plaintiff via first class mail the same day the order was entered. It has now been eighteen (18) days since the order was issued, and the Court has received nothing from Dennison.

Under Federal Rule of Civil Procedure 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, "A district court has the inherent authority to manage its docket and thus may dismiss an action *sua sponte* for failure to prosecute." *Nail v. Collado*, 737 F. App'x 960, 962 (11th Cir. 2018) (citing *Betty K Agencies, Ltd. V. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.,* 385 F.2d 366, 367 (5th Cir. 1967).[1] Additionally, when a litigant is forewarned, dismissal for failure to obey a court order is generally not an abuse of discretion. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[1] Fifth Circuit Opinions prior to October 1, 1981 are binding in the Eleventh Circuit and thus on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Dennison has undoubtedly failed to prosecute this case. To date, the only actions that Dennison has taken in this case were nearly three years ago when he filed his complaint and motion to proceed in forma pauperis. (Docs. 1, 2.) He never submitted a brief after a briefing letter told him he *must*, and then still did not submit one upon an order from this Court to do so. (Docs. 9, 11.) Plaintiff has been afforded an opportunity to be heard and has received due process. The Court's prior orders were designed to facilitate the disposition of this case on the merits, but Plaintiff has not timely responded or taken any action whatsoever to move this case forward.

Therefore, due to Dennison's failure to prosecute, the Court dismisses this matter without prejudice. A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on November 14, 2023.

_____
L. Scott Coogler
United States District Judge

215708